ROBERT R. POWELL, SBN 159747
SARAH E. MARINHO, SBN 293690
POWELL & ASSOCIATES
925 West Hedding Street
San Jose, California 95126
T: (408) 553-0201
F: (408) 553-0203
E: rpowell@rrpassociates.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| JULIAN VASQUEZ-BERNABE,<br><br>                    Plaintiff,<br><br>        vs.<br><br>COUNTY OF SANTA CLARA, et al.<br><br>                    Defendants. | Case No. 16-CV-03218-EJD (NC)<br><br>STIPULATION AND [~~PROPOSED~~] ORDER TO MOFIDY TRIAL/DISCOVERY DATES, AND/OR SET EXPEDITED CMC TO ADDRESS RELATED ISSUES WITH THE COURT |

This matter was first set for trial (April 2017) and trial related discovery, pre-trial, and other dates, by a Case Management Order issued September 30, 2016 (Dkt. 22). Subsequently, the dates were reset pursuant to a Joint Trial Setting Conference Statement filed by the parties on April 17, 2017 (Dkt. 38 – Order on same Pre-Trial Order Dkt. 46), to a trial date in March 2018; the related dates were modified as well.  The parties come now and stipulate to modify the trial and discovery related dates one last time, and/or, request an expedited Case Management Conference to address these issues with the Court if the recitals in this Stipulation do not suffice to obtain the Court's signature on the Proposed Order.

The parties are cognizant of the Court's statement in the Pre-Trial Order that it would be a "final" case schedule, but approach the Court now relying on the additional comment that the

schedule could be amended with a "presentation of good cause necessitating such an amendment." The parties believe such good cause exists and submit the following in support of that position.

## REASONS FOR REQUEST

First, the Court is asked to understand that until the recent mini-explosion of litigation emanating from events and circumstances in the local Santa Clara County Main Jail that commenced with the death of inmate Michael Tyree on August 28, 2015, there was not a significant amount of litigation regarding excessive force claims in the local jails. Plaintiff's counsel certainly acknowledges that they did not (and likely to some significant degree still do not) have great familiarity with the countless documents and the numerous acronyms for documents, for procedures, for floor assignments, for internal jail administration. Much has been learned in this process. Suffice it to say, the operations of a jail engender a lexicon all its own, and only known well by correctional officers and inmates, not by attorneys, defense or plaintiff.

While County Counsel as an *office* has dealt with these cases in the past, they too are simply not wholly familiar with this lexicon, or the processes in the jail, and documentation policies/record keeping/storage, and this has led to a number of times where Plaintiff knowing exactly what to even ask for in a Request for Production of Documents, AND/OR County Counsel knowing what would fulfill such requests, has been problematic. All Counsel are sparing the details of how this led to a couple of instances of talking past each other, but it has been a practical problem at times. On the bright side, all are now very well versed on these topics and words.

The case, as the Court is aware from the complaint, has *Monell* claims which Plaintiff feels are extremely important and legitimate, both to the case, and to the goals and purposes of 42 U.S.C. § 1983 litigation; remedying problems of a constitutional violation level magnitude. The pursuit of these *Monell* claims has indeed made for a much larger discovery process, for as the Court is no doubt aware, proof of *Monell* claims can be difficult and require the collection

2

of large amounts of data and documentation to convince either judge, jury, or both, of their validity and constitutional deficiency. Indeed, the discussion regarding "grievance forms" to follow shortly is related in significant part to the *Monell* claims.

In this case there has already been a significant discovery dispute about "classification codes," that has been resolved for the time being by Judge Nathanael Cousins. There also exists contemporaneously, a discovery dispute related to a deposition witness who was given instructions not to answer, that has not yet been fully presented to Judge Cousins due to waiting on a transcript of that deposition (Captain Hoyt). Disputes are of course a normal part of litigation, but the parties do want the Court to know that counsel for Plaintiff and Defendants have spent several hours meeting and conferring on discovery, particularly paper discovery, to get past the issues of nomenclature, and to provide good faith compliance with discovery requests. There may be some arguments on either side about the issues of good faith, but the parties do not deem them relevant or necessary to the request made of this Court at this time to extend the trial and reset the associated discovery dates.

The parties' Counsel are working together, and in fact, there exists an outstanding demand for settlement and the parties are attending a settlement conference on October 10, 2017, with Magistrate Judge Maria-Elena James. (Dkt. 47) In the spirit of cooperation, agreements have been made to allow the limited retaking of a couple of depositions if the matter does not settle at that time or prior, which retaking was precipitated by the delayed production of documents for the previously stated reason that Counsel (specifically County Counsel and Plaintiff's counsel) literally had conversations in which both thought they were talking about the same thing, only to find out upon production of documents, they were not! This is offered only to assuage the Court that no one is sitting on their hands and not trying to resolve issues.

Currently, as a result of the good faith meeting and conferring, there is an outstanding production of jail "grievance forms" which is the form inmates use to submit complaints in writing, including potentially their claims of abuse by correctional officers, denial of their

3

medical needs, or any other manner and sort of issues about which an inmate may have a grievance.  The request is for all from 2013 forward, and this is the issue that has manifested.

County Counsel has already requested the jail provide all of their grievances for the time period.  The jail has just this very week provided approximately 17,000 such grievance forms, though so far only 7,000 have made it to the desk of County Counsel, who now rightfully wishes to review them before sending them on to counsel for Plaintiff.

The very practical problem for the County, and thus for Plaintiff, is that the grievance forms are not automated / electronic in any fashion of the words.  They are the historically coined "carbon copies," where there are three pages that are to reflect by pressure what was written on the top page in triplicate.   They are not kept in computers, they are not typed, they are not scanned, and it is yet to be seen what form they will be in once they arrive for the review that must be done of them before any cogent information or possible patterns, practices, etc, can be extracted from them.  Additionally, once Plaintiff is able to review the grievance forms, it is guaranteed that there will be further investigation, not the least of which includes tracking down current and former detainees who made the allegations.

The next paragraph is entirely Plaintiff's statements alone regarding good cause.  Another significant issue that has developed is that Plaintiff learned from other sources of numerous text messaging that went on in the case of the guards involved in the death of inmate Michael Tyree.  These text strings were obtained by search warrants granted in the criminal matter, but County Counsel has informed Plaintiff's counsel the full body of text messages received pursuant to the warrant remain under seal in the State Court proceeding.   However, Plaintiff is informed and believes the Defendant County is in possession of the full production of text messages pursuant to the warrant, as the County's Sheriff's Dept. was the law enforcement agency that obtained and executed the Warrant.  County Counsel has recently provided Plaintiff's counsel with the identifying search warrant numbers and Plaintiff now needs to undertake further discovery – which will almost certainly involve law and motion discovery litigation – in order to obtain these messages.  Plaintiff's counsel is informed and

4

believe from other sources that there are a huge number of texts not yet publicly "available,"

between one of the defendants in the Tyree case (Matthew Farris) and numerous other

correctional officers in which issues of excessive force are discussed, separate and apart from

what was introduced in the Tyree trial. The scope and extent of the text messages Plaintiff has

not yet seen, could readily lead to the discovery of admissible evidence on the issues of

"custom and practice" for Plaintiff's *Monell* claims, and could actually include texts with

named Defendants in this very case. This is another reason for the desire to allow for more

time and further discovery in this matter.

**CONCLUSION / REQUESTED ORDERS**

For all of the foregoing reasons, the parties are collectively requesting, through Counsel,

to move the trial in this matter to an October 2018 trial date from its currently scheduled March

20, 2018 start. Given that the Court starts trials on Tuesdays, the parties would ask that the

matter of trial be continued to Tuesday, October 23rd, 2018, and all related

disclosure/discovery/pre-trial dates be moved to reflect the same time frames vis-à-vis the trial

date, as reflected in Docket 46 (Pre-Trial Order). However, for reasons relevant to one

attorney's planned vacation, the Pre-Trial Conference, the Final Pre-Trial Conference

Statement, were moved up one week. A proposed schedule with a trial date of October 23rd,

2018 is contained in the proposed order set forth below.

In the alternative, if the Court would like further information, or has questions of any or

all Counsel, the parties' Counsel would request the Court set an expedited Case Management

Conference by phone or otherwise to discuss these issues.

**STIPULATION**

The parties hereto, by and through Counsel, do hereby stipulate to and jointly request

modification of the trial date and associated dates as aforesaid and request the Court order

same.

I hereby attest that I have on file all holographic signatures corresponding to any

signatures indicated by a conformed signature /S/ within this e-filed document.

Stipulation to Modify Trial/Discovery Dates […]
16-CV-03218-EJD (NC)
Vasquez-Bernabe v. County of Santa Clara, et al.

POWELL & ASSOCIATES

Dated: August 31, 2017

By: _____/s/_____
ROBERT R. POWELL
Attorneys for Plaintiff
JULIAN VASQUEZ-BERNABE


JAMES R. WILLIAMS
County Counsel

Dated: August 31, 2017

By: _____/s/_____
MELISSA R. KINIYALOCTS
Deputy County Counsel
Attorneys for Defendants
COUNTY OF SANTA CLARA and
SERGEANT ANDREW AGUILAR

DAVIS & YOUNG

Dated: August 31, 2017

By: _____/s/_____
STEVEN B. DIPPELL
Attorneys for Defendant
CORRECTIONAL DEPUTY
EDDIE BARRERA

McDOWALL COTTER, APC

Dated: August 31, 2017

By: _____/s/_____
DAVID S. ROSENBAUM
Attorneys for Defendant
CORRECTIONAL DEPUTY
EMMANUEL THOMAS

6

# [PROPOSED] ORDER

1.) All currently scheduled trial, discovery, and pre-trial dates are hereby vacated.

2.) The trial date for this matter shall now be calendared for October 23rd, 2018, and all of the following dates shall apply, and all terms of the existing Pre-Trial Order (Dkt. 46) not otherwise modified by the change in these dates shall remain in full force and effect:

| EVENT | NEW DATE |
| --- | --- |
| Fact Discovery Cutoff | March 2, 2018 |
| Designation of Opening Experts with Reports | March 9, 2018 |
| Designation of Rebuttal Experts with Reports | March 30, 3018 |
| Expert Discovery Cutoff | April 6, 2018 |
| Deadline for Filing Dispositive Motions | April 19, 2018 |
| Hearing on Dispositive Motions | 9:00 a.m. on June 1, 2018 |
| Final Pretrial Conference | 11:00 a.m. on September 27, 2018 |
| Joint Final Pretrial Conference Statement, Motions *in Limine,* and Exchange of Exhibits | September 13, 2018 |
| Voir Dire Questions, Proposed Jury Instructions, and Proposed Jury Verdict Forms | September 17, 2018 |
| Jury Selection | 9:00 a.m. on October 23, 2018 |
| Jury Trial | October 23, 24, 26, 29, 30, and November 1, 2018 |
| Jury Deliberations | October 30 and November 1, 2018 |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____September 5, 2017_____                _____

EDWARD J. DAVILA
United States District Judge

Stipulation to Modify Trial/Discovery Dates […]
16-CV-03218-EJD (NC)
Vasquez-Bernabe v. County of Santa Clara, et al.